PER CURIAM.
The appellant, Rayndal G. Taylor, has appealed from an order denying petition for intervention entered December 7, 1966, in which he claims that the probate court denied him the right to intervene in a suit in which a petition was filed by Earnest Jackson Pollock, Executor of the Estate of Wesley T. Pollock, deceased, for construction of the will.
Wc gather from the petition for intervention that the appellant had acquired interests in certain properties purchased from Earnest Jackson Pollock as Executor of the estate.
We are faced with the question of whether or not any order was ever entered in this case by the probate judge. We note in the appellant’s appendix (page 29) the following:
“ORDER DENYING PETITION FOR INTERVENTION, Entered December 7, 1966, MATERIAL TO THE APPEAL.
“THE COURT: I should say, then, that it appears to the Court that the matters before the Court on the petition do not justify the intervention of Randall (sic) G. Taylor as a party to the proceedings.”
The above quoted data appears to be a paragraph lifted from page 17 of the transcript of testimony and proceedings taken at the hearing on December 7, 1966, which hearing, we presume, was on the construction of the will. The appendix to appellant’s brief contains no further data and page 17 of the transcript is the only part of the transcript and proceedings taken at the hearing below which has been filed in this case.
We note from said page 17, which is all of the record of testimony filed in this case, that the judge suggested:
“ * * * If you want it to go into the record of the case, you’d better draw an order that — somebody better draw an order that it has been denied, and I’d like for it to be presented today, while we’re having this hearing, to Mr. Gallen, Mr. Biondino, so Mr. Mount can see the form of the order.”
Later, on this same page 17, the court stated:
“That is the substance of it, and we’ll just — and would you ask that this be filed? * * *”
Then the page ends in the middle of a sentence, as follows:
“THE COURT: Suppose you take it out and pay for the filing and tell them to send it back in here, and then you can draw the * * * ”
which makes this proceeding very indefinite as to what was actually done.
If an order was signed and filed, it should be a part of the record in this case. If not, an order should be drawn, signed by the probate judge and filed.
In the present state of the record, we can do nothing but dismiss the appeal.
Dismissed.
ALLEN, C. J., and LILES and PIERCE, JJ., concur.